# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

IAN KEARNS,                              )
                                         )
                Plaintiff          )   Case No.
v.                                       )
                                         )
UNITED STATES OF AMERICA                 )
<u>Serve</u>:  Attorney General              )
      U.S. Dept. of Justice              )
      950 Pennsylvania Avenue            )
      Washington, D.C. 20530-0001        )
                                         )
<u>Serve</u>:  Acting U.S. Attorney Dist. of Kansas,  )
      Duston J. Slinkard                 )
      500 State Avenue, Suite 360        )
      Kansas City, KS 66101              )
                                         )
    and                                  )
                                         )
FEDERAL BUREAU OF INVESTIGATION,         )
<u>Serve</u>:  Director, FBI                   )
      935 Pennsylvania Ave. NW           )
      Washington, DC  20535              )
                                         )
    and                                  )
                                         )
FEDERAL BUREAU OF ALCOHOL,               )
TOBACCO, FIREARMS AND EXPLOSIVES,        )
<u>Serve</u>:  Associate Chief Counsel         )
      Office of Chief Counsel            )
      99 New York Avenue NE              )
      Washington, D.C. 20226             )
                                         )
    and                                  )
                                         )
JOHN DOE,                                )
                                         )
                Defendants.       )
                                         )

## **PETITION FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

COME NOW, Plaintiff, by and through counsel, and, pursuant to Fed. R. Civ. Pro. 57, 28 U.S.C. § 2201, and 18 U.S.C. § 925A, hereby submits this Petition for Declaratory Judgment and Other Relief.  In support thereof, Plaintiff states as follows.

1. Plaintiff Ian Kearns is a natural person; at all times pertinent hereto he was and is a *bona fide* resident of the State of Kansas.

2. Defendant Federal Bureau of Investigation (hereinafter, "FBI") is a United States agency, whose responsibilities include managing the National Instant Criminal Background Check System (hereinafter, "NICS"), pursuant to 28 C.F.R. § 25.3.  The system manager and address for the same are:  Director, Federal Bureau of Investigation, J. Edgar Hoover F.B.I. Building, 935 Pennsylvania Avenue, NW, Washington, D.C. 20535.  *Id.*

3. Defendant Federal Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF") is a United States agency, whose responsibilities include the regulation of sales of firearms in interstate commerce by Federal Firearms Licensees (hereinafter, "FFL"), pursuant to 27 C.F.R. § 448.

4. Upon information and belief, John Doe is a natural person, an employee or other agent of Defendant FBI, and who wrongfully denied the transfer of a firearm from an FFL to Plaintiff based upon information in the NICS system.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because of a question of federal law, to-wit, the interpretation and application of 18 U.S.C. § 922. Furthermore, Plaintiff has a private cause of action of federal jurisdiction pursuant to 18 U.S.C. § 925A.

6. On September 10, 2013, Plaintiff was convicted in the District Court of Johnson County, Kansas of the crime of Possession (of marijuana) with Intent to Distribute (K.S.A. 21-36a05, now K.S.A. 21-5705), a felony.

7. Plaintiff's sentence for the conviction was completed by November 4, 2014, the day his probation ended.

8. Plaintiff had the conviction expunged pursuant to Kansas law in the District Court of Johnson County by order entered May 27, 2020.

9. In June 2020, Plaintiff attempted to purchase a firearm from an FFL. Pursuant to said attempted purchase, Plaintiff submitted information on ATF Form 4473, by which Defendants determined Plaintiff's eligibility to purchase said firearm.

10. Defendants denied said purchase.[1]

11. Plaintiff perfected an administrative appeal of Defendants' denial of his firearm purchase in July 2020. Plaintiff submitted his "Voluntary Appeal File," or "VAF" through electronic means and submitted his fingerprint card as Defendants requested.

12. On September 27, 2021, the Defendant FBI's Criminal Justice Information Services (CJIC) Division's National Instant Criminal Background Check System (NICS) Section finally processed Plaintiffs VAF application and notified Plaintiff of the denial of the same.

13. Defendants rejected Plaintiffs VAF application and denied him the transfer on the following grounds:

> "Per K.S.A § 21-4204(a)(2) (K.S.A § 21-6304(a)(1) after 7/2011) any subject adjudicated guilty of a person felony, or a violation of any provision of the uniform controlled substances act under article 57 of chapter 21, or any violation of any provision of the uniform controlled substances act prior to July 1, 2009, or

---

[1] Plaintiff attempted purchases on August 31, 2021 and October 6, 2021 and was likewise denied.

3

a crime under a law of another jurisdiction which is substantially the same as such felony, has been released from imprisonment or completion of sentence for a felony and was not found to have been in possession of a firearm at the time of the commission of the crime; are state prohibited from purchasing firearms until ten years have elapsed from the completion of their sentence. Your felony conviction occurring on March 20, 2013 [*sic*] for K.S.A. §21-36a05, falls under this provision, therefore you are ineligible to purchase a firearm in the state of Kansas at this time."

14. Under Kansas law, one's right to possess firearms lost pursuant to K.S.A. Chapter 21, Article 57 convictions (drug crimes) are restored by operation of law after the passage of eight (8) years after conviction, pursuant to K.S.A. 21-6304(a)(3).

15. The Kansas general expungement statute, K.S.A. 21-6614, states, in pertinent part:

A person whose arrest record, conviction or diversion of a crime that resulted in such person being prohibited by state or federal law from possessing a firearm has been expunged under this statute shall be deemed to have had such person's right to keep and bear arms fully restored. This restoration of rights shall include, but not be limited to, the right to use, transport, receive, purchase, transfer and possess firearms. The provisions of this paragraph shall apply to all orders of expungement, including any orders issued prior to July 1, 2021.

K.S.A. 21-6614(k)(2).

16. 18 U.S.C 921(a)(20) states: "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."

17. For the purpose of 18 U.S.C 921(a)(20), a person's civil rights have been restored when, pursuant to state law, they have had restored to them: (1) the right to vote; (2) the right to seek and hold public office; (3) the right to serve on a jury; and their right to possess firearms.

*U.S. v. Maines*, 20 F.3d 1102, 1104 (10th Cir. 1994); <u>see also</u> *U.S. v. Reese*, 559 Fed.Appx. 777 (2014).

18. Under Kansas law, the (1) right to vote, the (2) right to hold public office, and the (3) right to serve on a jury are lost pursuant to a felony conviction, but are restored once the convicted felon completes his sentence. K.S.A. 21-6613.

19. Plaintiff completed the sentence for his felony conviction no later than November 4, 2014, the day his probation ended.

20. Plaintiff's right to vote, his right to hold public office, and his right to serve on a jury were restored to him under Kansas law when the sentence for his felony conviction was completed.

21. Plaintiff's right to possess firearms was restored to him when his felony conviction was expunged in the District Court of Johnson County by order entered May 27, 2020.

22. Plaintiff "has had [his] civil rights restored" for the purpose of 18 U.S.C 921(a)(20).

23. This Court may resolve the aforementioned issues that have arisen between the parties and, further, may avoid future similar disputes altogether.

24. Plaintiff is entitled to an award of attorneys fees pursuant to 18 U.S.C.A. § 925A(2).

WHEREFORE, Plaintiff Ian Kearns prays this Court enter declaratory judgment in Plaintiff's favor, that is, declaring that Plaintiff has the legal right to purchase and possess firearms pursuant to State and federal law; for an order directing Defendants to correct their

records to reflect the same; for an order for Defendants to cease denying transfers of firearms purchased by Plaintiff from FFLs; for an award of reasonable attorneys fees, for the costs herein incurred, and for any further relief which this Court deems just and equitable under the circumstances.

/s/Richard W. Martin, Jr.

Richard W. Martin, Jr.        # 22502
MARTIN & WALLENTINE, LLC
130 N. Cherry, Ste. 201
Olathe, Kansas 66061
Tel:    (913) 764-9700
Fax:   (913) 764-9701
rmartin@kc-attorney.com
*Attorney for Plaintiff*

## VERIFICATION

STATE OF Kansas        )
                       ) ss.
COUNTY OF Miami        )

_____
IAN KEARNS

IAN KEARNS, of lawful age and first duly sworn upon his/her oath states: that s/he is familiar with the contents of the foregoing and that the statements, allegations and other matters contained in it are true and correct.

Sworn to before me, a Notary Public, on this 22nd day of November, 2021.

_____
Notary Public

My Commission Expires:

NOTARY PUBLIC – State of Kansas
BRENDA S. KITE
My Appt. Exp. 4/22/22

April 22, 2022

7